**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/19/30/30-4**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-3641 PSG (PJWx) | Date | October 23, 2009 |
|---|---|---|---|
| Title | Gideon Valente Agra v. OneWest Bank FSB *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**     **(In Chambers) Order Granting Defendant OneWest's, Defendant Countrywide's, and Defendant GreenPoint's Motions to Dismiss and Defendant OneWest's Motion to Expunge**

Pending before the Court is Defendant OneWest's Motion to Dismiss and Expunge, Defendant Countrywide's Motion to Dismiss, and Defendant GreenPoint's Motion to Dismiss. The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' Motions.

I.     BACKGROUND

This case concerns loans obtained by Plaintiff Gideon Valente Agra ("Plaintiff") against property located at 11819 Mt. Harvard Court, Rancho Cucamonga, California (the "Property"). *See Compl.* ¶ 25. Plaintiff obtained the first such loan on January 4, 2005 by executing a deed of trust for $344,000 with Home Loan Funding, Inc. *See id.* at ¶¶ 27-28. Plaintiff appears to allege that this loan account was eventually handled by IndyMac Mortgage Services, a division of OneWest Bank, F.S.B. *See id.* at ¶¶ 26, 31. Plaintiff further alleges that on December 6, 2006 he obtained another loan against the Property in the amount of $72,000 from GreenPoint Mortgage Funding, Inc. *Compl.* ¶ 28. In time, this loan appears to have been sold to Countrywide Home Loans. *See id.* at ¶ 31.

Plaintiff allegedly made regular monthly payments on these loans from February 2005 to November 2008. *See Compl.* ¶ 30. At some point, however, Plaintiff apparently stopped

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/19/30/30-4**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3641 PSG (PJWx) | Date | October 23, 2009 |
|---|---|---|---|
| Title | Gideon Valente Agra v. OneWest Bank FSB *et al.* | | |

making timely payments, since on February 7, 2009 he received a Notice of Default and Election to Sell Under Deed of Trust with regard to the $344,000 loan originally obtained from Home Loan Funding.[1]  *See id.* at ¶¶ 31-32.  Some months later, Plaintiff received a Notice of Trustee Sale, indicating that a sale of the Property was set for May 22, 2009.[2]  *Compl.* ¶ 35.

On May 21, 2009—i.e., on the eve of the scheduled trustee sale—Plaintiff filed this action, seeking, *inter alia*, to prevent the sale of the Property from going forward.  *See Compl.* ¶ 122.  While a good deal of the Complaint is virtually unintelligible, Plaintiff's main argument appears to be that "when [he] applied for the loan and was funded on the loan, he understood and believed that he was being loaned 'money,' meaning money of exchange that was redeemable and had intrinsic value; when in reality he was purchasing credit from the Federal Reserve, through the lender, in the form of Negotiable Instruments, or specifically, Federal Reserve Notes."  *Compl.* ¶ 49.  Plaintiff alleges that, as a result, "there were numerous material misrepresentations in the contract for the lending of credit, which constitute fraudulent inducement and which lead to fraud in fact in the operation of the contract."  *Id.* at ¶ 50.

Plaintiff's Complaint asserts a long list of claims based on these arguments, including claims for breach of contract, usury, fraud, and racketeering.  The Complaint names as defendants OneWest Bank, FSB ("OneWest"); IndyMac Federal Bank; Home Loan Funding, Inc.; Countrywide Home Loans, Inc. and BAC Home Loans Servicing, L.P. (collectively, "Countrywide"), erroneously named as Bank of America/Countrywide Home Loans; GreenPoint Mortgage Funding, Inc. ("Greenpoint"); Ndex West LLC, also referred to by Plaintiff as "Trustee"; United States Treasury Secretary Timothy Geithner; and, United States Attorney General Eric Holder (collectively, "Defendants").

On July 24, 2009, Defendant OneWest filed a Motion to Dismiss and To Expunge.  On August 3, 2009, Defendant Countrywide filed a Motion to Dismiss.  Finally, on August 21, 2009, Defendant GreenPoint filed its own Motion to Dismiss.  Plaintiff has filed oppositions to these Motions.

---

[1] Plaintiff does not dispute that he was in default on the loan.

[2] Defendant Greenpoint's Motion to Dismiss indicates that this sale was continued to August 24, 2009, *see Greenpoint Motion* 2:24-26, but it is unclear whether the Property was ever sold.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/19/30/30-4**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3641 PSG (PJWx) | Date | October 23, 2009 |
|---|---|---|---|
| Title | Gideon Valente Agra v. OneWest Bank FSB *et al.* | | |

II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a mechanism for a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules generally require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entite[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *See id.* (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citation omitted).

When a plaintiff proceeds *pro se*, the court must liberally construe the complaint. *Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003). In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotations and citations omitted).

III. <u>DISCUSSION</u>

Agra's Complaint asserts the following causes of action: (1) cause of action to set aside foreclosure sale, (2) failure of consideration, (3) usury, (4) breach of contract, (5) ultra vires, (6) indefiniteness of contract, (7) unconscionability, (8) fraud, (9) breach and conversion under contract, (10) cancellation of promissory note, (11) cancellation of deed of trust, (12) cause of action following trust property into its product against trustee, (13) violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), (14) criminal wrongdoing, and (15) cause of action involving federal officials. For the reasons that follow, however, these claims are fatally deficient.

A. <u>Usury</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/19/30/30-4**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3641 PSG (PJWx) | Date | October 23, 2009 |
|---|---|---|---|
| Title | Gideon Valente Agra v. OneWest Bank FSB *et al.* | | |

    Agra's third cause of action is for usury. To state a claim for usury, a plaintiff must allege (1) the transaction was a loan or forbearance, (2) the interest rate exceeded the statutory maximum, (3) the loan and interest was absolutely repayable by the borrower, and (4) the lender had a willful intent to enter into a usurious transaction. *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798, 35 Cal. Rptr. 2d 418 (1994).

    In this case, Agra has not alleged that the interest rate on either of his loans exceeded the statutory maximum. Instead, the Complaint states that because Defendants "probably parted with a sum of Legal Tender Federal Reserve Notes amounting to less than 1/8th of the face value of the Negotiable Instruments that they issued to encumber the property," the interest rate was "a minimum of 8 times greater than the amount agreed to in the original Trust Deed Contract." *Compl.* ¶ 72. Agra has also failed to allege that Defendants willfully intended to enter into a usurious transaction. Agra has, therefore, failed to state a cause of action for usury, and the claim is dismissed.

    B.    <u>RICO</u>

    Agra's thirteenth cause of action asserts a claim for violation of RICO, which makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a cause of action under RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

    In support of his RICO claim, Agra asserts that "Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice where the unaware public unknowingly enters into contracts under fraudulent terms wherein they are systematically loaned credit when they were led to believe that they were being loaned real money, and are thereby placed into peonage and usury due to a lack of consideration by the mortgage company." *Compl.* ¶ 104. Agra's allegations, however, are insufficient to state a RICO claim.

    First, while Agra repeatedly recites that Defendants engaged in "cooperative efforts," he does not adequately allege the existence of a RICO "enterprise." Nor does he identify any

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/19/30/30-4**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3641 PSG (PJWx) | Date | October 23, 2009 |
|---|---|---|---|
| Title | Gideon Valente Agra v. OneWest Bank FSB *et al.* | | |

predicate acts committed by Defendants. He refers to fraudulent loan documents and unlawful foreclosure, but appears to base these claims on a theory that the loans were illegal because Defendants used negotiable instruments to extend him credit, rather than lending legal tender in the form of cash or silver coins. As the Court explains in more detail below, this "vapor money" theory has no basis in law. Finally, Agra has not alleged that he was injured in his business or property as a result of the purported RICO violations. As a result, he lacks standing to bring the claim. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3292, 87 L. Ed. 2d 346 (1985). Accordingly, Agra's RICO claim is dismissed.

C. <u>Breach of Contract, Failure of Consideration, Fraud, Unconscionability, and Remaining Claims</u>

At the heart of Agra's Complaint is the theory that those Defendants through whom he obtained his loans "failed to lend [him] Legal Tender 'Dollars' as lawfully defined by the US Congress in the form of US Silver Coin." *Compl.* ¶ 75. Thus, Agra's fraud and contract claims—and all claims that derive from them, including Plaintiff's "Cause Of Action To Set Aside Foreclosure Sale"—are entirely based on the idea that it is illegal to loan funds by checks or wires that are not backed by hard cash or silver coin. *See id.* at ¶¶ 75-78, 87-90. There is no basis in law for this theory.

In fact, "there is no requirement that a loan must be made with legal tender before a court will deem it valid." *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 544 (E.D.N.Y. 1999). If the parties so agree, a debt need not be paid in legal tender. *Id.*; *Thiel v. First Fed. Sav. & Loan Ass'n*, 646 F. Supp. 592, 596 (N.D. Ind. 1986).

Here, Agra agreed to the use of a negotiable instrument instead of legal tender by accepting the benefits of the transactions. *See Rene*, 32 F. Supp. 2d at 544; *Thiel*, 646 F. Supp. at 596. Agra used the loan funds to purchase his home and has only come forward after default and initiation of foreclosure proceedings to attack the mortgage on his "vapor money" theory.[3]

---

[3] While Agra asserts in his opposition papers that his claims are not based on a "vapor money" theory, *see Objection to Countrywide's Motion to Dismiss* 2:7-10, his arguments there confirm that his claims are indeed based on a such a theory. *See id.* ("Plaintiff is suing over issues and seeks relief for claims including the fact that Defendants . . . are **NOT the Holder in Due Course** of any instrument which would give Defendants any rights title or interest in the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/19/30/30-4**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3641 PSG (PJWx) | Date | October 23, 2009 |
|---|---|---|---|
| Title | Gideon Valente Agra v. OneWest Bank FSB *et al.* | | |

*See Rene*, 32 F. Supp. 2d at 544. Courts have uniformly rejected similar claims and even sanctioned *pro se* litigants for pursuing this "frivolous" and "improbable" theory. *See, e.g., Thiel*, 646 F. Supp. at 596-97 ("It does not require a trained lawyer to recognize that the allegations raised by plaintiffs in their complaint cannot support a cause of action for violation of the statutes cited therein."). Because Agra has failed to state a claim on which relief can be granted, the Court dismisses Agra's Complaint in its entirety.

> D. <u>Expungement of *Lis Pendens*</u>

Defendant OneWest includes in its Motion to Dismiss a request that the Court expunge any *lis pendens* recorded by Plaintiff on the Property at issue and award attorneys' fees to OneWest for prevailing on such a motion pursuant to California Code of Civil Procedure ("CCP") § 405.38. *See OneWest Motion* 20:16-22:5.

CCP § 405.32 provides that a "court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32. For the reasons outlined above, the Court finds that Plaintiff has failed to demonstrate by a preponderance of the evidence the probable validity of his real property claims. The Court therefore grants Defendant OneWest's request that any *lis pendens* recorded by Plaintiff based on the instant action be expunged.

With regard to OneWest's request for attorneys' fees, however, the Court notes that when it orders a *lis pendens* expunged, it need not direct that the prevailing party be awarded attorneys' fees if circumstances make such an award unjust. *See* Cal. Civ. Proc. Code § 405.38. Here, OneWest has made no showing that any *lis pendens* was ever actually recorded. Instead, OneWest points to Plaintiff's filing of a "Commercial Notice of Lien," *see* Dkt. # 8, as evidence that a notice of *lis pendens* regarding the Property at issue "may have been" filed with the California Secretary of State. *See OneWest Motion* 6:23-7:3. The Court does not find it just to award attorneys' fees for expungment of *lis pendens* in the absence of evidence that any *lis pendens* was ever recorded. *See* Cal. Civ. Proc. § 405.38. Accordingly, the Court denies OneWest's request for attorneys' fees.

---

subject property . . . .") (emphasis in original).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/19/30/30-4**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3641 PSG (PJWx) | Date | October 23, 2009 |
|---|---|---|---|
| Title | Gideon Valente Agra v. OneWest Bank FSB *et al.* | | |

IV.	Conclusion

    For the foregoing reasons, the Court GRANTS the Motions To Dismiss filed by Defendants OneWest, Countrywide, and Greenpoint, and hereby dismisses Plaintiff's Complaint in its entirety. Plaintiff may file an amended complaint by November 13, 2009. If he fails to file an amended pleading within that time, this action will be dismissed with prejudice.

    The Court also GRANTS Defendant OneWest's Motion To Expunge, though without an award of attorneys' fees.

    **IT IS SO ORDERED.**